# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# EL PASO DIVISION

| | | |
|---|---|---|
| **SUSAN HESTER-CARRILLO,** | § | |
| | § | |
| *Plaintiff*, | § | |
| v. | § | |
| | § | |
| **UNITED STATES;** | § | **EP-24-CV-00404-DCG** |
| **PRESIDENT JOE BIDEN; and** | § | |
| **VICE PRESIDENT KAMALA HARRIS,** | § | |
| | § | |
| *Defendants*. | § | |

## ORDER ACCEPTING REPORT AND RECOMMENDATION

Plaintiff Susan Hester-Carrillo filed a "Motion to Proceed *In Forma Pauperis*" (ECF No. 1) and a proposed Complaint (ECF No. 1–1). The Court referred the Motion to U.S. Magistrate Judge Miguel A. Torres and further requested that Judge Torres pre-screen the proposed Complaint pursuant to 28 U.S.C. § 1915(e)(2).[1] Judge Torres has granted the Motion and issued a Report and Recommendation ("R. & R.") advising the Court to dismiss Plaintiff's Complaint without prejudice.[2] For the following reasons, the Court **ACCEPTS** the R. & R. **IN FULL**.

### I.   DISCUSSION

**A.   No Party Objected to the R. & R. by the Applicable Deadline, So the Court Will Review the R. & R. Under the Deferential "Clearly Erroneous or Contrary to Law" Standard**

The standard of review that a District Judge applies when deciding whether to accept, reject, or modify a Magistrate Judge's R. & R. depends on whether a party has objected to it by

---

[1] *See* Referral Order, ECF No. 2, at 1.

[2] *See generally* R. & R., ECF No. 10.

*See also* Compl., ECF No. 11 (refiled under separate docket number).

the applicable deadline. If a party files a timely objection, then "the Court must make a *de novo* determination of those portions of the report or proposed findings or recommendations to which objection is made."[3] But if "no party objects to [a] Magistrate Judge's Report and Recommendation" by the applicable deadline, then "the Court is not required to perform a *de novo* review"; instead, the Court "need only review [the report and recommendation] to decide whether [it] is *clearly erroneous or contrary to law*."[4]

Here, the Clerk of Court posted Judge Torres's R. & R. to the Court's electronic docket on October 6, 2025.[5] On October 7, 2025, the Clerk mailed the R. & R. to Plaintiff's last known address,[6] but the U.S. Postal Service returned the mailing to the courthouse as undeliverable.[7] Because other mailings were returned for the same reason, the Court previously ordered Plaintiff to provide notice of her current mailing address no later than September 30, 2025.[8] As of the undersigned date, she has failed to comply.

---

[3] *E.g.*, *Mission Pharmacal Co. v. Virtus Pharms., LLC*, No. 5:13-cv-00176, 2014 WL 12480014, at *1 (W.D. Tex. Mar. 28, 2014); *see also* 28 U.S.C. § 636(b)(1).

[4] *Magdalena Garcia v. Sessions*, No. 1:18-CV-59, 2018 WL 6732889, at *1 (S.D. Tex. Nov. 7, 2018) (emphasis added); *see also, e.g.*, *Tamayo v. Galindo*, No. 5:08-cv-00392, 2008 WL 11333884, at *1 (W.D. Tex. Aug. 29, 2008) (similar).

[5] The Clerk's office served the R. & R. on October 6, 2025, when it posted the R. & R. to the Court's electronic docket. *See* FED. R. CIV. P. 5(b)(2) (providing (with exceptions that don't apply here) that when a document is served on "a registered user" of "the court's electronic-filing system" by filing it on the electronic docket, "service is complete *upon filing*" (emphasis added)).

[6] *See* Certified Mailing, ECF No. 13.

[7] *See* Returned Mailing, ECF No. 14.

[8] *See* Order to Provide Valid Mailing Address, ECF No. 5, at 2 (noting that it "appears that Plaintiff has changed her mailing address without informing the Court"); *see also* W.D. Tex. L.R. CV–10(d) (requiring unrepresented parties to "promptly file a notice of any change in the party's . . . mailing address" and authorizing the Court to "sanction a party for the party's . . . failure to do so, including dismissal of the party's claims . . . .").

More than 14 days have passed since the R. & R. was posted to the electronic docket and mailed to Plaintiff.[9] Plaintiff has "a duty to keep the court apprised of such address changes,"[10] and she "is solely responsible for not receiving this document."[11] To date, no party has filed an objection, so the Court will accept the R. & R. in its entirety unless it is clearly erroneous or contrary to law.[12]

**B.    The R. & R. Is Neither Clearly Erroneous Nor Contrary to Law**

After carefully reviewing Judge Torres's R. & R., the Court concludes that it is neither clearly erroneous nor contrary to law.[13]

## II.    CONCLUSION

The Court therefore **ACCEPTS** Judge Torres's "Report and Recommendation" (ECF No. 10) **IN FULL**.

The Court thereby **DISMISSES** Plaintiff's Complaint (ECF No. 11) **WITHOUT PREJUDICE**.

**So ORDERED and SIGNED this 5th day of November 2025.**

_____
DAVID C. GUADERRAMA
SENIOR U.S. DISTRICT JUDGE

---

[9] *See* 28 U.S.C. § 636(b)(1) (providing (with exceptions that don't apply here) that "any party may serve and file written objections to" an R. & R. "*[w]ithin fourteen days after being served with a copy*" (emphasis added)).

[10] *Lewis v. Hardy*, 248 F. App'x 589, 593 n.1 (5th Cir. 2007) (discussing R. & R. returned by U.S. Postal Service "as undeliverable due to an ability to forward to [*pro se* litigant's] new address").

[11] *Id.*

[12] *See supra* note 4 and accompanying text.

[13] *See generally* R. & R.